RANDALL P. MROCZYNSKI, ESQ. (State Bar No. 156784)
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone: (714) 431-1100
Facsimile: (714) 431-1145

Attorneys for Plaintiff
OREGON COMMUNITY CREDIT UNION

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CHARLES HAWS,<br><br>    Debtors.<br><br>———————————————<br><br>OREGON COMMUNITY CREDIT UNION<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES HAWS,<br><br>    Defendant. | Case No.: 2:24-bk-25628<br><br>Adversary No.:<br><br>Chapter 7<br><br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)** |

Plaintiff OREGON COMMUNITY CREDIT UNION (hereinafter "Plaintiff") hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Complaint is filed under Federal Rule of Bankruptcy Procedure 7001. This action arises under 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Plaintiff consents to the entry of final orders or a judgment of the Bankruptcy Court in this matter. This proceeding relates to the Chapter 7 case of *In re Charles Haws*, Bankruptcy Case No. 2:24-bk-25638 pending before the United States Bankruptcy Court for the Eastern District of California.

2. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and by virtue of the filing by Defendant CHARLES HAWS (hereinafter "Defendant") of a voluntary petition under chapter 7 of the United States Bankruptcy Code on December 16, 2024.

## PARTIES

3. Plaintiff is, and at all times herein mentioned was, a federally chartered credit union with its principal place of business in Springfield, Oregon. At all relevant times herein, Plaintiff was and is authorized to do business in the State of California. Plaintiff is a pre-petition creditor of the Defendant's estate.

4. Upon information and belief, Defendant is an individual residing at 2567 Rio Oso Road, Rio Oso California 95674. Defendant is the debtor in the above-captioned chapter 7 case.

## FACTUAL ALLEGATIONS

5. Defendant commenced his Chapter 7 case on December 16, 2024 (the "Petition Date"). Debtor's petition for relief indicates that Debtor signed said petition for relief on December 5, 2024, eleven (11) days prior to the Petition Date. The Certificate of Credit Counseling attached the Debtor's petition indicates that Debtor completed a course of pre-filing credit counseling on August 6, 2024, approximately four (4) months prior to the Petition Date.

6. Prior to the Petition Date, Defendant opened and maintained a credit card account with Plaintiff. During the one-year period commencing September 17, 2023 through September 16, 2024, Defendant made charges on the subject credit card account sparingly and carried an average unpaid monthly balance thereon of $848.98.

7. Commencing on September 16, 2024 Defendant began to make charges on the subject credit card account with increasing frequency. As of November 16, 2024, Debtor's unpaid monthly balance owing on the subject account had increased to $1,655.49. However, starting on November 17, 2024, Debtor embarked on whirlwind spending spree, making $13,604.90 in new charges on the subject credit card account thereby exhausting the entire credit limit on the card. All totaled, in the thirty-day period between November 17, 2024 and the Petition Date, Defendant made one-hundred and forty-four (144) separate purchases on the referenced credit card, an average of almost twenty-

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1  one (21) purchases per day, every single day seven days a week, during that period. Seventy-six (76) of the referenced one-hundred and forty-four (144) credit card purchases were made on or after December 5, 2024, the date Debtor signed the petition to commence this case.  Among those purchases were $4,000 in charges to "Andrea Secretarial Services," $3,810.91 to Sutter County, $1,053.31 to ANA Airlines and $524.00 to FEMA's flood insurance program.

8.  Most of the above-described charges were made after Debtor executed the petition that was ultimately filed to commence this case and after Debtor had committed to filing for Chapter 7 relief and discharging his indebtedness to Plaintiff.

## FIRST CAUSE OF ACTION

## (11 U.S.C. §523(a)(2)(A))

9.  Plaintiff restates the allegations contained in the foregoing paragraphs and incorporates them herein by this reference.

10.  Plaintiff is informed and believes, and thereon alleges, that Defendant acted as alleged above in making the above-described purchases and incurring the indebtedness to Plaintiff on the described credit card with knowledge and in anticipation of the filing of this Chapter 7 bankruptcy case and with the intention of discharging his indebtedness to Plaintiff with respect to said credit card account.  Plaintiff is further informed and believes that the subject credit card purchases were made, and the corresponding indebtedness was incurred, by Defendant without the actual intent to repay Plaintiff said indebtedness and with the actual fraudulent intent to induce Plaintiff to make the advances for said purchases.  Defendant knowingly concealed his true intention with respect to the subject credit card transactions and his intent, at the time the credit purchases were made, to file this bankruptcy case and discharge his liability for the charges to Plaintiff, which intention Defendant had the duty to disclose to Plaintiff.

11.  Defendant entered into the subject credit card transactions and incurred the debt associated therewith under false pretenses and with the actual intent to defraud Plaintiff and to induce Plaintiff to make the advances associated with the described credit card purchases.

12.  Plaintiff justifiably relied on Defendant's false representations and material

nondisclosures to its detriment as Defendant did not disclose his intent to escape liability for the debt associated with the subject credit card transactions by the filing of this bankruptcy case.

13. The above-described indebtedness was incurred by the Defendant through false pretenses, false representations and actual fraud.

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1. That the debt owing to Plaintiff by Defendant be deemed non-dischargeable within the scope and purview of 11 U.S.C. §§523(a)(2)(A);

2. That a money judgment in favor of Plaintiff and against Defendant be entered in an amount according to proof but no less than $13,604.90;

3. For reasonable attorney's fees and costs of suit incurred herein; and

4. For such other relief as the Court deems just and proper.

Dated: March 7, 2024         COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: _____
RANDALL P. MROCZYNSKI
Attorney for Plaintiff
OREGON COMMUNITY CREDIT UNION